UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DWIGHT HARRIS,

     Plaintiff,

v.

KING COUNTY JAIL, et al.,

     Defendants.

Case No. 2:24-cv-00317-BJR-TLF

REPORT AND RECOMMENDATION

Noted for   May 31, 2024

  Plaintiff, a pretrial detainee currently confined at King County Jail, proceeds *pro se* in this 42 U.S.C. 1983 civil rights action. Plaintiff's complaint has not been served and as such, no defendant has appeared or filed an answer. By separate Order to Show Cause, the Court has declined to serve plaintiff's complaint, because of legal and factual deficiencies, and directed plaintiff to show cause why the complaint should not be dismissed and, in the alternative, allows plaintiff to file an amended complaint by June 10, 2024.

  Plaintiff moves for a temporary restraining order (TRO) and preliminary injunction. Dkt. 7-4.

  For the reasons below, the Court recommends that plaintiff's motion for TRO and preliminary injunction (Dkt. 7-4) be DENIED without prejudice.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff's motion for TRO and preliminary injunction alleges he was previously housed at Kent Regional Justice Center (RJC) where he was receiving suboxone treatment. Dkt. 7-4. He states he was transferred to King County Jail in downtown Seattle "wrongfully" in retaliation for filing grievances. *Id.* He alleges since his transfer he is being retaliated against further by being kept in lockdown 23 hours a day and being "jumped on" by offenders. *Id.* He makes vague assertions that jail classification staff have been committing acts and omissions that violate his federal rights. *Id.* He alleges he has been denied placement in protective custody by classification staff, placing him in imminent danger of harm. *Id.*

Plaintiff requests an order directing classification at King County Jail to transfer him to the Kent Regional Justice Center. *Id.*

## DISCUSSION

**A.    Relevant Legal Standards**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he

REPORT AND RECOMMENDATION - 2

1  is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance
2  of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v.*
3  *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for
4  the "serious questions" variation of the test, where "a preliminary injunction is proper if
5  there are serious questions going to the merits; there is a likelihood of irreparable injury
6  to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the
7  injunction is in the public interest." *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir.
8  2012).
9        Furthermore, where a plaintiff "seeks a mandatory injunction, they must establish
10 that the law and facts *clearly favor* [their] position, not simply that [they are] likely to
11 succeed. *LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947, 956 (9th Cir. 2021)
12 (internal citation and quotation marks omitted). "A mandatory injunction orders a
13 responsible party to take action," while in contrast a "[a] prohibitory injunction prohibits a
14 party from taking action and preserves the status quo pending a determination of the
15 action on the merits." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060 (9th Cir.
16 2014) (internal citations and quotation marks omitted).
17       Because plaintiff is a pretrial detainee, challenges to conditions of confinement
18 imposed upon him are governed by the Fourteenth Amendment Due Process Clause.
19 *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128
20 (9th Cir. 1998). "A pretrial detainee has a due process right to be free from violence
21 from other inmates." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir.
22 2016). "In assessing conditions of confinement for pretrial detainees, the Court
23 considers whether the conditions amount to punishment, causing harm or disability
24
25

REPORT AND RECOMMENDATION - 3

significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017).

The Court evaluates a pretrial detainee's Fourteenth Amendment failure-to-protect and excessive force claims under an objective deliberate indifference standard. *See Castro*, 833 F.3d at 1070 (applying objective deliberate indifference standard to failure-to-protect claims; *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (applying objective standard to excessive force claims); *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims). A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 576 U.S. at 398.

The elements of a pretrial detainee's failure-to-protect claim against an individual defendant under the objective deliberate indifference standard are as follows:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d 1060, 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 576 U.S. at 393).

REPORT AND RECOMMENDATION - 4

To prove an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 397. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* A court "must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.' " *Id.* (quoting *Bell*, 441 U.S. at 540) (alterations in original). Factors that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

The Ninth Circuit has explained that the objective deliberate indifference standard,

> differs from the inquiry under the Eighth Amendment which requires that the "prison official must *subjectively* have a sufficiently culpable state of mind." *Id*. at 1070–71 (quoting *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002) (emphasis in original)). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Estate of Ford*, 301 F.3d at 1050 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). By contrast "a pretrial detainee need not prove those subjective elements about the officer's actual awareness of the level of risk." *Castro*, 833 F.3d at 1071.

REPORT AND RECOMMENDATION - 5

*Gordon*, 888 F.3d at 1125, n. 4.

To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1983).

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action(4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

To state a claim against a municipality, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's

1  constitutional rights; and (4) the policy is the moving force behind the constitutional
2  violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).
3  **B.     Analysis**
4        Plaintiff fails to satisfy the requirements for a TRO or preliminary injunction at this
5  stage.
6        As discussed in this Court's Order to Show Cause declining to serve plaintiff's
7  complaint, plaintiff's current complaint fails to name a proper defendant. Furthermore,
8  neither plaintiff's complaint nor his motion for preliminary injunction and TRO identifies
9  or names as defendants the individuals he filed grievances against or who he alleges
10 transferred him in retaliation for filing grievances. In fact, plaintiff's complaint does not
11 appear to allege his transfer was retaliatory. Nor does plaintiff identify in his motion or
12 name as defendants the individuals he alleges are retaliating against him by keeping
13 him in lockdown, directing other offenders to "jump on him", or failing to place him in
14 protective custody.
15       Plaintiff's complaint mentions c/o Holmes and c/o Correra as "employing" other
16 offenders to jump on plaintiff, but he does not name these individuals as defendants,
17 nor does he submit facts to support the conclusion that these officers are directing other
18 offenders to "jump" on him, or when and where this allegedly occurred. Plaintiff's
19 complaint also mentions classification officer "Kither" denied him protective custody. But
20 plaintiff does not name officer "Kither" as a defendant in the action. Furthermore, plaintiff
21 fails to detail the basis for his request for protective custody, when it was made, or the
22 basis for the denial. To the extent plaintiff intends to allege officer "Kither" improperly
23 denied him protective custody because other officers were directing offenders to "jump

on him", he fails to provide sufficient facts to support his conclusion that the other officers (also not named as defendants) were directing the actions of these offenders. Nor does plaintiff plead sufficient facts to establish municipal liability (or named the proper municipal defendant - King County - as a defendant) for these claims.

As plaintiff's motion for preliminary injunction and TRO is premised on allegations against parties who are not currently properly named as defendants in this action, and, even if they were properly named, he fails to provide sufficient facts at this point to support claims against those parties, he fails to show that the law and facts clearly favor his position, that he is likely to succeed on the merits, or that there are significant questions going to the merits, of his claims.

Plaintiff has also not alleged sufficient facts to demonstrate a likelihood of irreparable harm. To meet the "irreparable harm" requirement, plaintiff must do more than allege imminent harm; he must demonstrate immediate threatened injury. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674-75; *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). As noted, plaintiff has not named proper defendants or alleged sufficient facts, at this point, to state a viable claim for retaliation, failure to protect, or excessive force. Thus, based on the current record,

plaintiff fails to demonstrate an immediate threatened injury. *See, Norbert v. City and County of San Francisco,* 10 F.4th 918, 934-936 (9th Cir. 2021) (internal citations omitted) (to show that injunctive relief is warranted, pretrial detainee must demonstrate that, under the 14th Amendment, there is a likelihood of success on the merits and irreparable harm based on evidence that conditions being challenged produce a 'harm or disability' and that the harm significantly exceeds, or is independent of inherent discomforts of confinement).

The Court also notes that, for the same reasons, plaintiff has not adequately shown at this stage that the balance of the equities tip in his favor or that issuance of an injunction would be in the public interest. *See Winter*, 555 U.S. at 20; *Lopez*, 680 F.3d at 1072.

## CONCLUSION

For the reasons above, plaintiff has not established a TRO or preliminary injunction is appropriate at this stage and therefore, plaintiff's motion (Dkt. 7-4) should be DENIED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6.

Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

//

1  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **May 31, 2024**, as noted in the caption.

Dated this 9th day of May, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10